12-609
Tan v. Holder

BIA
Vomacka, IJ
A088 794 200

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand thirteen.

PRESENT:
    ROBERT D. SACK,
    PETER W. HALL,
    SUSAN L. CARNEY,
        *Circuit Judges.*
_____

LI MING TAN,
        *Petitioner,*

        v.                                    12-609
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Michael Brown, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Paul Fiorino,
                       Senior Litigation Counsel; Julie S.
                       Saltman, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Li Ming Tan, a native and citizen of the People's Republic of China, seeks review of a February 2, 2012, order of the BIA, affirming the November 1, 2010, decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Ming Tan*, No. A088 794 200 (B.I.A. Feb. 2, 2012), *aff'g* No. A088 794 200 (Immig. Ct. N.Y. City Nov. 1, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Tan's, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

In finding Tan not credible, the agency reasonably relied in part on his demeanor, finding that, rather than testifying from actual experience, Tan appeared as if he were telling a story that he had previously memorized but could not adequately recall. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). The IJ's demeanor findings were further supported by specific examples of Tan's inconsistent testimony. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). In this regard, the agency reasonably found that Tan failed to provide a consistent account with regard to whether he had suffered any harm in China on account of his practice of Falun Gong, and the number of times he was detained by village committee officials on account of his Falun Gong-related activities. *See Xiu Xia Lin v. Mukasey*, 534 F.3d

3

162, 167 (2d Cir. 2008) (per curiam); *see also Iouri v. Ashcroft*, 487 F.3d 76, 81-82 (2d Cir. 2007). Contrary to Tan's argument, the IJ did not err by failing to give him an opportunity to explain these inconsistences, as the inconsistent statements were dramatic, were made in response to questions posed by his own attorney, and the agency's adverse credibility determination did not rest on these inconsistencies alone. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir.2006).

Furthermore, the agency reasonably found that the testimony of Tan's witness and the letters from Tan's father and friend in China were inadequate to rehabilitate his incredible testimony, as they were of limited probative value. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary regarding the agency's demeanor, inconsistency, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66. The agency's denial of Tan's application

4

for asylum, withholding of removal, and CAT relief was not in error as all three claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006) (CAT).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
